## 34901. FELTS v. THE STATE.

MARSHALL, Justice.

The appellant was convicted in the Bibb Superior Court of murdering Frank Hill on a sidewalk adjacent to the "Ball of Confusion" nightclub in Macon, Georgia. He was sentenced to life imprisonment. At the time of the homicide, a girl with whom the deceased previously had lived was seeing the appellant. The deceased accosted the appellant at the scene of the shooting, brandished a pistol, hit the appellant on the shoulder with the pistol, and threatened to kill the appellant if he "messed with" the girl again. According to the testimony of witnesses, the deceased put the pistol back in a shaving kit which he was carrying and began walking away. Then the appellant retreated into an alcove at the front door of the nightclub, pulled a pistol, and called out to the deceased. As the deceased was turning around, the appellant shot him once. After the first shot, the deceased dropped to his knees and pleaded, "Please don't shoot me. Don't kill me." The appellant proceeded to shoot him seven or eight times in rapid succession.

1. Although the appellant pleaded justification and self-defense, the testimony of the witnesses to the shooting fully authorized the jury in rejecting these defenses and finding the appellant guilty of murder. This disposes of the appellant's first three enumerations of error, in which he argues that the evidence is insufficient to support the verdict of guilty. See, e.g., *Godfrey v. State,* 243 Ga. 302 (253 SE2d 710) (1979).

2. The trial court correctly charged that if the state proved that the defendant killed the person named in the indictment by the use of a deadly weapon, the killing would be presumed to be intentional and malicious unless circumstances of alleviation, excuse or justification appeared to the satisfaction of the jury.

In enumeration of error 4, the appellant argues that the foregoing charge was erroneous under *Patterson v. State,* 239 Ga. 409 (4a) (238 SE2d 2) (1977); *Jordon v. State,* 232 Ga. 749 (5) (208 SE2d 840) (1974) and *Smithey v. State,* 219 Ga. 247 (3) (132 SE2d 666) (1963). As noted in *Patterson, Smithey* and *Jordon,* "seem to indicate" that if any of the state's evidence shows justification, mitigation or excuse, the homicide is not presumed to be malicious from the use of a deadly weapon. In the present case, the trial court charged the jury, in effect, that if circumstances of alleviation, justification or excuse appeared to the satisfaction of the jury, the killing would not be presumed to be malicious. Therefore, there can be no complaint that the charge was erroneous under *Patterson, Smithey,* or *Jordon.* In addition, in this case, as in *Patterson,* the totality of the evidence did not as a matter of law, show any cognizable circumstances of justification, mitigation or excuse. Enumeration of error 4 is, consequently, without merit.

3. In enumeration of error 5, the appellant argues that the trial judge erred in charging the jury, "If a person uses a deadly weapon or instrumentality, in the manner in which such weapon or instrumentality is ordinarily employed, to produce death, and causes the death of a human being, the law presumes intent to kill. This presumption may be rebutted." Citing Sandstrom v. Montana — U.S. — (99 SC 2450, 61 LE2d 39) (1979), the appellant argues that this charge had the effect of shifting the burden to the defense to rebut the presumption of an intent to kill.

In the present case, the appellant defended the murder charge against him by arguing that he acted in self-defense. The evidence that he did intend to kill the victim was overwhelming.

The trial judge charged the jury, "When, as in this case, some evidence of self-defense is offered by the defendant, the prosecution must prove beyond reasonable doubt that the defendant did not act in self-defense before the state would be entitled to a verdict of guilty . . . the burden is upon the state of proving the defendant's guilt as charged beyond a reasonable doubt."

It is a fundamental rule of law that jury instructions

must be viewed as a whole. *Nunnally v. State*, 235 Ga. 693 (5) (221 SE2d 547) (1975); *Proctor v. State*, 235 Ga. 720, 726-727 (221 SE2d 556) (1975); *Hilton v. State*, 233 Ga. 11, 12 (209 SE2d 606) (1974). When viewed as a whole, we find that any possible error in the jury instructions as to the intent-to-kill presumption was clearly harmless. This enumeration of error is without merit.

4. In enumerations of error 6 and 7, the appellant argues that the trial court erred in allowing the prosecution to impeach him concerning testimony he had given at a previous trial in which he admitted lying to his attorney that someone at the scene of the shooting had handed him the gun used to commit the killing. The appellant maintains that a proper foundation was not laid for impeachment of him in this manner and, in addition, that his attorney-client privilege was violated by permitting impeachment of him in this manner.

We do not disagree that compelling the appellant to answer whether he had lied to his attorney concerning his possession of the murder weapon invaded the confidentiality of privileged communications between the appellant and his attorney. However, the appellant testified, without objection, at his previous trial that he had lied to his attorney by telling him that someone at the scene of the shooting had handed him the murder weapon. Although apparently this question has not been addressed in Georgia, we are of the opinion that once the appellant testified to this matter at his earlier trial, it ceased to be a privileged communication, and proof of the statement at his later trial became permissible. Accord, Agnew v. Superior Court, 156 Cal. App. 2d 838 (320 P2d 158) (1958); Yardley v. State, 50 Tex. Crim. 644 (100 SW 399) (1907); VIII Wigmore on Evidence 638, § 2328. See generally 79 ALR 173. See also 51 ALR2d 521.

This testimony was admissible to impeach the appellant, because it showed that he had made prior statements concerning the murder weapon which were inconsistent with his testimony at trial.

We do find that a proper foundation was not laid for impeachment of the appellant in this manner. In order for a witness to be impeached by contradictory statements previously made by him, Code § 38-1803 requires that the

time, place, person, and circumstances attending the former statement be called to the witness' mind with as much certainty as possible. This was not done in the present case.

Having found that this evidence was admissible as a matter of substantive law, but that the procedure through which it was admitted was not correct, we hold that its improper admission was harmless error. A review of the record convinces us that it is highly probable that the admission of this evidence did not contribute to the verdict of guilty. This enumeration of error is without merit.

5. Considering the trial judge's charge to the jury as a whole, the trial judge clearly charged the jury that the appellant's claim of self-defense was to be judged by considering whether a reasonable man, under the same circumstances, would have been justified. Enumeration of error 8 is therefore without merit.

6. In enumeration of error 9, the appellant argues that the trial judge erred in denying his request for a continuance in order to obtain copies of portions of the transcript from his earlier trial. Motions for continuances address themselves to the sound discretion of the trial court. E.g., *Burnett v. State,* 240 Ga. 681 (1) (242 SE2d 79) (1978). Under the circumstances of this case, we find no abuse thereof.

7. In the final enumeration of error, the appellant argues that the trial court erred in allowing the prosecution to cross examine a witness by use of a certain letter to which the witness was not party.

The record shows that the letter was not introduced in evidence or shown to the jury. The witness, who was the girl with whom the deceased had previously lived, had testified that she was not the wife of the deceased. The letter was being used to cross examine her concerning a prior instance in which she had used the deceased's last name. This would constitute a prior statement inconsistent with the witness' testimony at trial, and, therefore, this impeachment of the witness was proper. See Code § 38-1803.

We find the final enumeration of error to be without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 4, 1979 — DECIDED OCTOBER 23, 1979.

*Fred M. Hasty,* for appellant.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.