## 59107. ANDERSON v. THE STATE.

BANKE, Judge.

The appellant, a former sheriff of Richmond County, appeals his convictions on two counts of selling marijuana. In the face of the overwhelming evidence introduced against him at trial, including tape recordings of his conversations with government informants, he

admitted that he had arranged the sales and pled entrapment. On cross examination, the state attempted to impeach him in the following manner: "Let me ask you this, you denied these transactions when Lt. Sanders arrested you there in Forrest Squires' apartment, didn't you?" Defense counsel immediately objected and moved for a mistrial on the ground that the state had not previously sought to introduce evidence that the appellant made such a denial and thus had not given him an opportunity to seek a Jackson v. Denno hearing to contest the voluntariness of the statement. The trial court denied the motion but instructed the state not to pursue the question and told the jury to disregard it. The state made no subsequent attempt to introduce evidence to substantiate its position that the defendant had denied guilt when arrested. The overruling of the motion for mistrial is the sole enumeration of error on appeal. *Held:*

Since the state asked the question for the purpose of impeaching the appellant's exculpatory entrapment testimony, no Jackson v. Denno hearing was required. See *Scott v. State,* 243 Ga. 233 (1) (253 SE2d 698) (1979). See also Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971). Cf. *Perkins v. State,* 152 Ga. App. 101, 103 (262 SE2d 158) (1979). The appellant further contends, however, that if he had been forced to answer the question, his response *might* have been that he had in fact remained silent upon his arrest and that the question therefore amounted to an impermissible comment on his right to remain silent. See Doyle v. Ohio, 426 U. S. 610 (96 SC 2240, 49 SE2d 91) (1976). While it is fascinating to speculate on what the appellant's response might have been, the fact remains that he made no response. As indicated previously, his objection was sustained, and the jury was instructed to disregard the question. Accordingly, we do not find, in the face of the compelling body of evidence introduced against the appellant, that the trial court abused its discretion in denying his motion for mistrial.

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

ARGUED JANUARY 15, 1980 — DECIDED FEBRUARY 15, 1980 —

*Theodore S. Worozbyt,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.