## 65658. HOWARD v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was convicted of three counts of aggravated assault upon three separate peace officers. He appeals based upon the trial court's instruction to the jury in which he contends the court committed reversible error in implying that a showing of imbecility or idiocy would be necessary to a finding of insanity, which was the defendant's sole defense. *Held:*

Two of the peace officers were cut by the defendant and he attempted to cut the third, all with the same knife, as these officers attempted to take him into custody for the purpose of a mental evaluation pursuant to an order issued by the probate court. The officers were attempting to disarm him at the time. Defendant contends that the court erred in charging "[m]ental abnormality or mere weakness of mind is no excuse unless it amounts to imbecility or idiocy which deprives the offender of the ability to distinguish between right and wrong" in relation to the particular act about to be committed. After the jury had retired to deliberate they requested further definition of the terms "imbecile" and "idiot." The defendant's main argument is that Georgia follows and continues to follow the McNaughton Rule, that is, the "right and wrong" test as codified in OCGA § 16-3-2 (formerly Code Ann. § 26-702 (Ga. L. 1968, pp. 1249, 1270)). Defendant contends that the subsequent charge as given was erroneous. Here, the court fully charged twice on the right and wrong test. A charge torn to pieces and scattered in disjointed fragments may seem objectionable although when put together and

considered as a whole it may be perfectly sound. Examining the charge as a whole with reference to the defendant's plea of insanity we find no reversible error. See *Felts v. State,* 244 Ga. 503, 504 (3), 505 (260 SE2d 887); *State v. McNeill,* 234 Ga. 696, 697 (217 SE2d 281). The single portion of the charge which offends the defendant is the final sentence dealing with mental abnormality and weakness of mind, yet this sentence is almost identical to a charge approved by the Supreme Court in *Berryhill v. State,* 235 Ga. 549, 553 (8) (221 SE2d 185). We find no merit in this enumeration of error.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1983.

*Timothy W. Floyd,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.