## 66578. FIGUERO v. THE STATE.

BANKE, Judge.

The defendant was convicted of voluntary manslaughter and aggravated assault following his trial on charges of murder and aggravated assault. It was established by the testimony of the aggravated assault victim and two other eyewitnesses that the defendant repeatedly shot the manslaughter victim with a pistol after engaging in an argument with him and that one of the bullets from the pistol hit the aggravated assault victim as well. Both victims were unarmed. The defendant admitted at trial that he had fired the shots but asserted that he had done so in self-defense. *Held:*

1. The evidence was amply sufficient to enable a rational trier of fact to disregard the defendant's explanation and to find him guilty of the two offenses beyond a reasonable doubt. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. The trial court did not err in admitting for impeachment purposes an exculpatory statement in which the defendant denied having done the shooting. The evidence presented at the Jackson v. Denno hearing was amply sufficient to authorize the trial court to determine that the defendant made the statement freely and voluntarily. Assuming *arguendo* that the statement was not preceded by adequate Miranda warnings, this alone would not affect its admissibility for the sole purpose of impeaching the defendant's trial testimony. See Mincey v. Arizona, 437 U. S. 385 (98 SC 2408, 57 LE2d 290) (1978); Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971); *Scott v. State,* 243 Ga. 233 (1) (253 SE2d 698) (1979); *Anderson v. State,* 153 Ga. App. 841 (267 SE2d 259) (1980).

3. At the time the exculpatory statement was admitted, the trial court charged the jury on the law relating to admissions and

confessions, whereupon the state objected on the ground that the statement was not incriminatory. Although the trial court immediately withdrew the charge, at the close of the case he again charged the jury on the law relating to admissions, instructing them that "[i]t's for you to determine whether or not the statement, if made, constitutes an admission." On appeal, the defendant contends that this constituted reversible error; however, in view of the compelling evidence of the defendant's guilt, we conclude that it is "highly probable" that the charge did not contribute to the verdict and that it was consequently harmless as a matter of law. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*Amy Jean Griffith,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Russell J. Parker, Assistant District Attorneys,* for appellee.