70271. HUDSON v. THE STATE.
(334 SE2d 20)

SOGNIER, Judge.

Appellant was convicted of two counts of robbery and appeals.

1. Appellant contends the trial court erred by denying his motion for funds to hire an expert witness. Although the record contains appellant's written motion, there is nothing in the record to indicate the motion was ruled upon. Thus, there is nothing for us to review. *Sims v. State,* 159 Ga. App. 692 (1) (285 SE2d 65) (1981). Nevertheless, assuming that appellant's motion for funds to employ an expert witness was denied, the granting or denial of such a motion lies within the sound discretion of the trial court, and absent an abuse of discretion the trial court's ruling will be upheld. *Patterson v. State,* 239 Ga. 409, 412 (3) (238 SE2d 2) (1977). Appellant moved the court to appoint an expert trained in pharmacology, controlled substances, and controlled substances abuse, but gave no reason why such an expert was needed. Appellant has made no showing of how he was harmed by denial of his motion; therefore, his bare claim that an expert was needed to aid in his defense presents nothing for us to review. Id. at 412-413.

2. Appellant contends the trial court erred by considering extrajudicial comments made by him, but does not inform us of the content of such statements. During the sentence hearing, there was some reference to alleged threats to a juror made by appellant to a deputy sheriff. When questioned about this matter appellant stated he did not remember what he said but it was done in a joking manner. The trial court noted that "it has not been established in the record, as to just what was said or what was not said," but it would not be prejudiced either way if the statements were brought to the court's attention.

Appellant's argument on this issue is based solely on the fact that he was sentenced to 15 years confinement on one count and a consecutive 15-year sentence on the second count, with 5 years to serve and 10 years probation. Both offenses of which appellant was convicted authorized a maximum sentence of 20 years confinement, and the sentences imposed were well below that maximum. Thus, even assuming the trial court had some knowledge of an alleged threat to a juror, we cannot say that prejudice resulted to appellant from such knowledge. *Munsford v. State,* 235 Ga. 38, 46 (218 SE2d 792) (1975).

3. Appellant contends it was error to deny his request to charge on the lesser included offense of theft by taking. Both victims in this

case identified appellant and testified appellant robbed them by intimidation. Appellant made a voluntary confession to the robberies. Since this evidence established clearly that appellant committed the offenses of robbery and there was no evidence of the lesser offense of theft by taking, there was no error in failing to give appellant's requested charge on theft by taking. *Jacobs v. State*, 137 Ga. App. 592, 595 (4) (224 SE2d 462) (1976).

4. Appellant contends the trial court erred by charging the jury as to testimony of an expert witness when no expert witness testified for the State or for appellant. Although the trial court did not rule that either of two police officers who testified were qualified as experts, the officers were questioned about the length of time they had been in police work and their opportunity to observe people under the influence of alcohol or drugs. Each officer was then asked his opinion as to whether appellant was under the influence of narcotics, alcohol or drugs.

It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession to entitle him to be deemed prima facie an expert. *Redd v. State*, 240 Ga. 753, 755 (2) (243 SE2d 16) (1978). It is apparent that the trial court considered at least one of the officers an expert and, thus, believed a charge on the weight to be given testimony of expert witnesses was appropriate. We find no abuse of the court's discretion in determining that such a charge was appropriate. Even if the charge was not applicable, an inapplicable charge is not cause for a new trial when it is not prejudicial to the accused. *Garner v. State*, 174 Ga. App. 628, 630 (4) (330 SE2d 750) (1985). Further, "[a]n instruction to the jury which is not wholly unwarranted by the evidence is not error, when the instruction, under the evidence, is not hurtful to the complaining party." *Quillian v. Tuck*, 66 Ga. App. 472, 473 (5) (17 SE2d 921) (1941). Considering the overwhelming evidence of appellant's guilt, including his confession, we find no prejudice to appellant.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1985.

John W. Knapp, Jr., for appellant.
David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Assistant District Attorney, for appellee.