## 74760. BOSTIC v. THE STATE.
## 75218. THOMPSON v. THE STATE.
### (361 SE2d 872)

SOGNIER, Judge.

Appellants were tried jointly and convicted of aggravated sodomy, and they appeal.

1. Bostic appeals on the general grounds, and Thompson contends error in denial of his motion for a directed verdict of acquittal based on insufficiency of the evidence. Appellants and the victim were inmates at the Marietta City Jail, and on the night of the offense charged against appellants, testimony showed that Bostic forced the victim to commit an act of oral sodomy on Thompson. Thereafter, Thompson forced the victim to submit to an act of anal sodomy. We find such evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Thus, it was not error to deny appellant Thompson's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant Bostic asserts error in the trial court's denial of his request to charge on the lesser included offense of solicitation of sodomy. This enumeration of error is without merit.

A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person. OCGA § 16-6-2 (a). A person commits the offense of solicitation of sodomy when he solicits another to perform or submit to an act of sodomy. OCGA § 16-6-15. In the instant case Bostic ordered the victim to commit an act of oral sodomy on Thompson. When the victim refused, Bostic slapped the victim across the face and again ordered him to commit sodomy on Thompson. The victim then did as ordered to avoid a further threatened beating by Bostic. Such evidence shows clearly that Bostic did not *solicit* sodomy; rather, he forced the victim to commit sodomy on Thompson by force and against the will of the victim. Bostic was charged as an aider and abettor under the provisions of OCGA § 16-2-20 (b) (3), which makes one who aids and abets the commission of an offense guilty of that offense as a party to the

crime. There is no question from the evidence that Bostic aided and abetted commission of the offense of aggravated sodomy, and no issue was raised as to solicitation of sodomy. When the evidence establishes clearly that a defendant committed the offense charged and there is no evidence of a lesser offense, there is no error in failing to charge on the lesser offense. *Hudson v. State*, 175 Ga. App. 692, 693 (3) (334 SE2d 20) (1985).

3. Appellant Thompson alleges the trial court erred in its preliminary instructions, after the jury was sworn but before trial on the merits commenced, by telling the jury that the grand jurors had been convinced there was sufficient evidence to believe that a crime had been committed. Thompson argues that this was an incorrect statement of the law, that the instruction was misleading and confusing, and improperly shifted the burden of proof to Thompson.

Appellant Thompson made no objection to the trial court's preliminary instructions to the jury, and this court will not consider issues raised for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986). Even treating the court's preliminary instructions as a "charge," however, to which appellant reserved exceptions, this enumeration of error is without merit.

The court in its preliminary instructions to the jury was explaining that no one accused of a felony can be brought to trial without first having been indicted. The court went on to explain that in returning indictments grand jurors do not try a criminal case, but investigate, and ordinarily only hear from State witnesses. The court then stated: "And if after hearing from those witnesses they are convinced that there is sufficient evidence that a crime has been committed *to warrant a trial before a trial jury*, then it's the duty of the grand jury to indict . . . in order that the accused may be brought to trial so that under admissible, competent evidence in open court *the guilt or innocence of the accused will be determined by a trial jury*." (Emphasis supplied.) The court went on to inform the jury of the presumption of innocence, and that the State had the burden of proving each essential element of the offense charged.

It is clear from reading the quoted portion of the court's preliminary instruction that appellant Thompson has taken one portion of one sentence completely out of context, because the court did not instruct the jury that the grand jurors believed a crime had been committed, as alleged by Thompson. Rather, the court was explaining how a criminal case got to trial, and the function the grand jury played in that process. It is a fundamental rule of law that jury instructions must be viewed as a whole. *Felts v. State*, 244 Ga. 503, 504-505 (3) (260 SE2d 887) (1979). Viewing the instruction as a whole, it was a correct statement of the function of the grand jury, was not misleading, and did not shift the burden of proof to Thompson.

Hence, there was no error.

4. Appellant Thompson asserts error by the trial court in not allowing him to enter a non-negotiated plea of guilty to simple battery. At a hearing outside the presence of the jury before trial on the merits commenced, it was disclosed that the State offered to let Thompson plead guilty to simple battery with a twelve-month sentence, to run from the date the incident occurred. However, the offer was contingent upon appellant Bostic accepting the State's offer to let him enter a plea of guilty to aggravated assault, with a sentence of ten years to serve. Bostic declined that offer. At the hearing Thompson stated he was willing to enter a non-negotiated plea of guilty to simple battery. The court then informed him that if he was referring to a non-negotiated plea of guilty, he would have to plead guilty to the charge.

Appellant Thompson argues that if the State believed he was guilty only of simple battery, it should not have made its offer contingent upon Bostic's entering a negotiated plea to aggravated assault. This argument is without merit. "There is no constitutional right to plea bargain and there is no necessity for a trial court to insure that a defendant who wishes to plead guilty has had the opportunity to plea bargain." *Harris v. State*, 167 Ga. App. 153, 155 (6) (306 SE2d 79) (1983). Since a defendant has no right to plea bargain, it follows that whether to do so is a matter within the discretion of the prosecuting attorney. That being so, the State could place any conditions it desired in an offer to negotiate a plea of guilty to a lesser offense.

In regard to Thompson's allegation that the court deprived him of the opportunity to enter a non-negotiated plea of guilty to the lesser offense, we are aware of no authority which would permit the court to accept a non-negotiated plea of guilty to an offense other than the offense charged. OCGA § 17-7-93 (a) provides, in pertinent part: "Upon the arraignment of a person accused of committing a crime, the indictment . . . shall be read to him and *he shall be required* to answer whether he is guilty or not guilty *of the offense charged* . . . ." (Emphasis supplied.) Thus, the court was correct in advising appellant that he could enter a non-negotiated plea of guilty only to aggravated sodomy, the offense charged.

5. Appellant Thompson alleges that the trial court's closing charge as to the procedure to be followed if the jury had a question of law or fact was improper, because it had a chilling effect on the jury's deliberations and was a warning that asking questions could be to its detriment.

As in the case of the preliminary instructions which we discussed in Division 3, the charge complained of here was an explanation to the jury of the procedure to follow if they had any questions for the court which might arise during the jury's deliberations. After explain-

ing to the jury that the questions should be in writing, the court proceeded to advise the jury what it might expect in response to various questions, i.e., that a question of law could be answered quickly, while a question of fact might take longer, depending on the nature of the question and the information desired. In that regard, the court informed the jury that a question might require the re-reading of only one question and answer from the transcript, while other questions might require the reading of a witness' entire testimony, or possibly the entire transcript. In regard to Thompson's specific complaint that the charge had a chilling effect, that complaint is not supported by the transcript, because the court specifically instructed the jury that "I mention this to you certainly not to chill you from asking questions about evidence. You go right ahead and ask them if you think they are important." The court also instructed the jury that it might receive more information than it thought it needed to answer an inquiry, "[b]ut certainly you have the right to ask those questions if you want to."

We find nothing in the court's charge which would inhibit the jury from asking questions if it desired to do so. On the contrary, a reading of the entire charge discloses a desire on the part of the court to fully inform the jury of its right to ask questions, the procedure to follow in asking questions, and what to expect in response to any questions the jury might have for the court. Appellant Thompson's assertion that the charge was equivalent to a threat, causing the jurors not to ask a question, is sheer speculation, because there is nothing in the record to support appellant's allegation of intimidation. In view of the compelling evidence of appellant Thompson's guilt, we conclude it is highly probable that the charge, even if erroneous, did not contribute to the verdict, and consequently, it was harmless as a matter of law. *Figuero v. State*, 167 Ga. App. 810, 811 (3) (307 SE2d 706) (1983).

*Judgments affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 1, which although it is not explicit, holds that Bostic's enumeration on the general grounds, as well as Thompson's on the denial of his motion for directed verdict, bears with it no merit.

I fully concur in the remaining divisions also, except the application of the harmless error rule at the end of Division 5. There is no need to resort to it since we hold that the court did not err. Moreover, while to some the evidence may be compelling, conflicts within it may cause others pause.

DECIDED OCTOBER 14, 1987.

*Kenneth D. Feldman*, for appellant (case no. 74760).
*Roger L. Curry*, for appellant (case no. 75218).
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.