BENHAM, Justice,
dissenting.
I agree with the Court of Appeals that
while a defendant can withdraw a negotiated plea if the trial court decides to impose a longer sentence than that recommended by the State, see Uniform Superior Court Rule 33.10, there is no comparable authority allowing for the State to withdraw its offer if the court indicates it intends to sentence the defendant to less time than recommended, and it is not for [the appellate courts] to judicially create such a right out of whole cloth.
Kelley v. State, 331 Ga. App. 758, 758 (771 SE2d 441) (2015) (emphasis in original). For that reason, I respectfully dissent.
As the majority opinion recognizes, the legislature has provided by statute that a trial court judge in a criminal case has the authority to fix a sentence, within the parameters prescribed by law, not only where a guilty verdict has been returned but also where the defendant has entered a guilty plea. OCGA § 17-10-1 (a) (l).[1] The Uniform Superior Court Rules recognize that this authority requires the trial court judge to exercise independent judgment to fix the sentence for a negotiated plea regardless of the agreement reached between the defendant and the prosecutor.[2] Here, the trial court did just that — it made a finding of “substantial mitigation” and imposed a sentence of *533 ten years with five years to serve, assuming certain conditions were met such as the requirement that the defendant provide truthful testimony at the trial of his co-defendants. Clearly, the trial court is not a party to any contract or agreement between the defendant and the prosecutor regarding a negotiated plea agreement, which may be accepted, rejected, or amended. Rule 33.10 requires the trial court to give notice to the defendant and an opportunity to withdraw his or her guilty plea if the court intends to reject the plea agreement and impose a judgment less favorable to the defendant than the one contemplated by the agreement.[3] This is consistent with the requirement that a defendant must enter into a plea agreement intelligently and voluntarily. No statute or rule, however, grants the prosecutor the right to notice and an opportunity to withdraw its agreement if, after consideration of mitigating factors, the trial judge imposes a sentence on the lesser negotiated offense that is more favorable to the defendant than the one agreed upon by the State. See State v. Harper, 279 Ga. App. 620 (631 SE2d 820) (2006), overruled in part on other grounds, State v. King, 325 Ga. App. 445 (750 SE2d 756) (2013) (concluding that, even though the State failed to preserve its argument for appeal, the argument that the State should have the opportunity to withdraw from a plea agreement when the trial court decides to reject the State’s recommended sentence lacks merit).
It is without dispute that the State has authority to decide what charges to bring “and which sentences to seek.” State v. Wooten, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001). This does not mean, however, that the State has authority to decide which sentence to impose upon a guilty verdict or even a guilty plea. The trial judge is the party who fixes the sentence. I agree with the majority opinion that a trial court may not compel the State to accept a plea to an offense other than the one charged.[4] But once the State and the defendant agree upon a *534 negotiated plea to a lesser offense than the one charged, it is the trial judge who must decide the appropriate punishment for that offense, after considering the circumstances of the case. I do not agree that the State has legal authority to withdraw its consent to a negotiated plea to a lesser offense so long as the trial court judge imposes a legally authorized sentence for that offense.
As I see it, this does not render the State powerless to enforce its bargain since the only thing it can actually bargain for is the agreement to reduce the charge by permitting the defendant to enter a plea to a lesser offense. It will always be the trial court that decides the appropriate punishment to impose, and it cannot be said that this impermissibly interferes with the State’s right to prosecute. Nor does it compel the State to accept a plea to an offense other than the offense charged, since in the case of a negotiated plea, the State has already agreed to the defendant’s plea of guilt to an offense other than that which was charged.
In fact, I believe today’s ruling will promote gamesmanship by prosecutors who will now be empowered to demand lengthier sentences for negotiated pleas on lesser offenses, with the assurance that even if the judge finds the circumstances, in fairness, call for a more lenient sentence than the one to which the parties agreed, the judge is required either to accept the sentence or reject the negotiated plea altogether. Criminal defendants will be prejudiced by this usurpation of the trial judge’s sole authority to determine sentencing for a conviction upon a guilty plea. Until today, a defendant in Georgia has entered into plea negotiations with the understanding that the judge has the final say as to sentencing. If the purpose of the majority’s ruling is to “even the playing field” for the prosecutor in plea negotiations, this purpose is incongruous with our system of criminal law. The law has never recognized a level playing field between the accused and the State; the accused is innocent until proven guilty and the State bears the burden of proving guilt. When a conviction on a guilty plea is challenged, the State also bears the burden of showing the plea was intelligently and voluntarily entered. See Bazemore v. State, 273 Ga. 160 (1) (535 SE2d 760) (2000). Until today, the law in Georgia has been that a defendant, but not the prosecutor, may withdraw a guilty plea upon learning the trial judge has determined that the sentence should be something other than that which was agreed upon. Such a rule is consistent with the State’s burden of proof.
*535 331 Ga. App. 758.
Decided February 22, 2016.
Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Marc A. Mallon, Assistant District Attorneys, for appellant.
The majority is concerned with weakening the authority of the executive branch to control how individuals are charged with crimes. I, on the other hand, am concerned with the weakening of the judicial authority to control sentencing. I am persuaded that the majority opinion, by creating new law, violates the separation of powers between the executive and judicial branches of government by stripping the judicial branch of the statutorily conferred authority to exercise sentencing discretion with respect to sentencing a defendant for an offense to which the State has agreed to accept a plea instead of the offense charged.
The defendant’s right to withdraw the negotiated plea is explicit as a matter of law, and yet the State has not been provided that right. This is not the proper forum for creating such a right. The rule in State v. Harper has been in effect for almost ten years, and yet the Council of Superior Court Judges has not seen fit to amend the Rules to grant prosecutors the same rights as defendants with respect to withdrawing consent to a negotiated plea in the event the trial judge gives notice of his or her intent to impose a sentence other than the one agreed upon by the parties. I am unpersuaded by the reasoning of the majority opinion that the State has the authority to withdraw its consent to a negotiated plea agreement simply because the trial court announces its intention to impose a lawful sentence for the lesser charge that differs from the sentence referenced in the plea agreement.
Additionally, I note that even if the majority’s opinion is correct, it should not be applied in this case but applied only prospectively. In State v. Germany, 246 Ga. 455 (271 SE2d 851) (1980), in which this Court announced a new procedure requiring the trial court to inform the defendant of his rights with respect to a plea agreement, which was later adopted as Uniform Superior Court Rule 33.10, we recognized that the newly pronounced rule was prospective only. Likewise, as the majority opinion in this case extends that rule to benefit the State, and this new rule is based upon a new holding that the State is entitled to withdraw its consent to a negotiated plea where the trial court informs the State of its intent to reject the agreed-upon sentence, then the rule should be prospective only. Even though the State in this case raised an objection to the trial court’s judgment on the plea, at the time this plea was granted it had no right to object.
*536 Franklin, Hubbard & Clayton, Curtis L. Hubbard, Jr.; Barbee Law Firm, Todd E. Barbee, for appellee.

 An exception to this rule exists for cases in which life imprisonment or the death penalty is mandated, which exception is not applicable to this case.
Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law[.]
OCGA § 17-10-1 (a) (1).

 Uniform Superior Court Rule 33.5 (C) provides:
When a plea of guilty or nolo contendere is tendered or received as a result of a plea agreement, the trial judge should give the agreement due consideration, but not *533 withstanding its existence, must reach an independent decision on whether to grant charge or sentence leniency under the principles set forth in section 33.6 of these rules.

 Uniform Superior Court Rule 33.10 provides:
If the trial court intends to reject the plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may he pronounced.

 In support of this proposition, the majority cites to Bostic v. State, 184 Ga. App. 509, 511 (4) (361 SE2d 872) (1987). But that case involved a condition the State placed upon its agreement to accept a plea which was not met, namely, that the defendant’s co-defendant must enter a plea to a felony, an offer that the co-defendant declined. Accordingly, no agreement was reached. The *534 Bostic case does not support the proposition that the State must be permitted to withdraw its agreement to a plea if the trial court elects to impose a sentence not agreed upon by the State.