## A06A0623. THE STATE v. HARPER.

(631 SE2d 820)

JOHNSON, Presiding Judge.

Rodriques Harper and his co-defendants were charged with armed robbery. They were juveniles at the time the crime was committed. After plea negotiations, Harper accepted the state's offer to reduce the charge of armed robbery to robbery in exchange for a sentence recommendation of five years in confinement. At the hearing on the guilty plea, Harper's attorney announced the plea agreement to the trial court. The court commented extensively on Harper's amenability to treatment and announced that it would not follow the sentencing recommendation presented by the state. Instead, the court sentenced Harper to five years, one year of which would be served in confinement; the one-year sentence would be suspended upon completion of a boot camp program. The state appeals, contending that the trial court erred in sentencing Harper "in complete disregard of the plea agreement" without first notifying the state of its intent to reject the agreement. The state requests that the sentence and plea be set aside.

1. At the outset, we address Harper's argument that this Court lacks jurisdiction to consider this appeal because the state is only authorized to file a direct appeal in a criminal case in certain specified instances, and this is not one of those instances.[1] However, the law is clear that the state is authorized to directly appeal from an allegedly void sentence.[2] The appeal is properly before us.

2. The state contends that the trial court erred in rejecting the recommended sentence without first informing the parties of its intention to reject the plea agreement and giving the state the opportunity to withdraw from the agreement. This argument presents no basis for reversal.

---

[1] See OCGA § 5-7-1.
[2] OCGA § 5-7-1 (a) (5); *State v. Jones*, 265 Ga. App. 493 (1) (594 SE2d 706) (2004).

We note that the trial court did in fact announce at the hearing that it was going to reject the state's recommended sentence. The prosecutor made no comment regarding the court's stated intention to reject the recommendation nor voiced any objection to the sentence once it was pronounced. Even assuming the state preserved the argument for appeal, it is without merit.

In its brief, the state points out that Georgia law gives the *defendant* the right to withdraw from a plea agreement upon hearing the court's intention to reject the agreement.[3] The state argues that it should have the same right of withdrawal as the defendant, but concedes that Georgia law gives the state no such right. The state has offered no argument which persuades this Court that the trial court erred in not affording to the state the same right expressly afforded a defendant pursuant to *Germany* and its progeny.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 5, 2006.

*Gwendolyn Keyes Fleming, District Attorney, Gregory K. Schwarz, Jennifer L. Little, Assistant District Attorneys*, for appellant.
*Curtis W. Miller*, for appellee.

---

[3] See *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980) (later codified in Uniform Superior Court Rule 33.10, which provides that if the trial court intends to reject the plea agreement, the court shall, on the record, inform the *defendant* personally that (1) the trial court is not bound by any plea agreement; (2) the court intends to reject the agreement; (3) the case may be disposed of less favorably to the defendant than contemplated by the agreement; and (4) the defendant may then withdraw the guilty plea as a matter of right; if the plea is not then withdrawn, sentence may be pronounced); *Lawrence v. State*, 234 Ga. App. 603, 603-604 (1) (507 SE2d 490) (1998).