**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 14, 2013**

# In the Court of Appeals of Georgia

A13A0756. THOMPSON v. THE STATE

BARNES, Presiding Judge.

Following a jury trial, Anthony Thompson was found guilty of aggravated child molestation and two counts of child molestation. He filed a motion for new trial, which, following a hearing, the trial court denied. Thompson appeals from that order and contends as his sole claim of error that the trial court erred in overruling his objection to improper bolstering by the prosecutor during closing argument. Upon our review, we affirm.

Construed in the light most favorable to support the jury's verdict, *Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007), the evidence shows that when the victim was approximately twelve years old, Thompson, her mother's boyfriend and whom the victim referred to as her "Daddy," would wake her up after her mother left for work and take the victim to her mother's room. Once there, he

would touch her vagina with his mouth and tongue. The victim wrote about the acts in her diary, and later made an outcry to her best friend and her mother.

On appeal, Thompson does not challenge the sufficiency of the evidence. He only contends that the trial court erred in overruling his objection to comments made by the prosecutor during closing argument that he alleges improperly bolstered testimony from the psychologist who conducted the forensic examination of the witness. He asserts that the prosecutor's comment impermissibly inferred that the psychologist believed the victim, and that the trial court should have instructed the jury pursuant to OCGA § 17-8-75.[1] We do not agree.

During closing arguments, the prosecutor made the following remarks:

What about [the psychologist]? You suppose she lied? Because, again, [Thompson] is saying either she lied or she is a fool. Did she lie? Would it make sense for [the psychologist], who left the Georgia Center when that got shut down and now has a pretty good practice going in Cobb County, who has made a career out of helping children who have been victims of sexual and physical abuse, does it make sense she's going to

[1] OCGA § 17-8-75 provides, "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender."

2

come in here and lie? She doesn't get money for a conviction. She doesn't get money for referrals. . . . Why would she lie? Maybe she's just a fool then, because that's the only other alternative is this 12-year-old girl. . .maybe she's such a clever, such a smart, such a shifty, maybe she's got such an encyclopedic knowledge from watching Law and Order, maybe she's seen so much Law and Order that she can fool a Ph.D. After those 600 evaluations, [the psychologist] just blew it on this one.

Thompson objected, arguing that the psychologist "never gave an opinion as to the truth of the testimony." The State responded that it had not

asked [the psychologist] whether or not she was going to pass on the truthfulness of [the victim]. However, she did testify to a number of specific things she found– that she would find to be reasonable or that she would expect to see, and, incidentally, those are the thing we see in [the victim]. I'm asking the jury to make that leap, not [the psychologist].

The trial court overruled the objection. In its order denying Thompson's motion for new trial, the trial court found that Thompson's improper bolstering argument was waived because he did not argue the same grounds at trial. The court held that Thompson had objected to the State's argument on the basis that "the prosecutor incorrectly argued that [the psychologist] gave an opinion as to the

3

truthfulness of the victim's testimony." The trial court also found that as a matter of fact and law, the comment was not improper bolstering.

Pretermitting whether the trial court correctly found that Thompson waived the claim of improper bolstering, we conclude that it did not err in overruling the objection.

> As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion. This wide latitude encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence. Accordingly, it is proper for a prosecutor to urge the jury to draw inferences from the evidence regarding the credibility of witnesses.

(Citations and punctuation omitted.) *Brown v. State*, 293 Ga. App. 633, 637-638 (1) (d) (ii) (667 SE2d 899) (2008).

As the State noted, the psychologist had testified about certain reactions that were common in sexually abused children, including the reluctance to verbalize about the sexual abuse, that it was common for victims to tell a friend, and also common for them to not make an outcry at the time of the abuse. The State's references in closing argument were to the psychologist's forensic findings and the inferences thereto, not to any opinion as to the veracity of the victim. Thompson had argued in his closing

4

argument that the victim's reactions–including that she had not made an outcry for two years– did not "make sense."

Despite Thompson's contention,

> [t]here is absolutely nothing wrong with expert opinion testimony that bolster's the credibility of the indicted allegations of sexual abuse, e.g., "the victim's physical examination showed injury consistent with sexual abuse," or "the victim's psychological evaluation was consistent with sexual abuse." Establishing the credibility of the indicted acts of sexual abuse is what the State's case is all about and is the purpose for such expert testimony in the first place; the fact that such testimony may also "indirectly, though necessarily, involve the child's credibility does not render it inadmissible.

(Punctuation and footnote omitted.) *Odom v. State*, 243 Ga. App. 227 (1) (531 SE2d 207) (2000); see generally *Pearce v. State*, 300 Ga. App. 777, 785 (6) (686 SE2d 392) (2009) (holding that a nurse practitioner's general testimony about behavior associated with child sexual abuse accommodation syndrome, including secrecy, fear, and confusion, did not constitute improper bolstering).

Accordingly, as the State's remarks did not improperly bolster the psychologist's testimony but instead reinforced the inferences that could be made

5

from the forensic findings, the trial court did not err in overruling Thompson's objection.

*Judgment affirmed. Miller and Ray, JJ., concur.*