**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A1682. KELLEY v. THE STATE.

BOGGS, Judge.

Terry Kelley appeals following the trial court's grant of the State's "Motion to Set Aside an Illegal Judgment." The court granted the motion on the basis that it was without authority to sentence Kelley to a lesser sentence than that recommended by the State as part of a negotiated plea to a reduced charge. Because the trial court erred in granting the State's motion, we reverse and remand this case with direction for the trial court to re-enter the original judgment of conviction and sentence.

For the following reasons, we conclude that while a *defendant* can withdraw a negotiated plea if the trial court decides to impose a longer sentence than that recommended by the State, see Uniform Superior Court Rule 33.10, there is no comparable authority allowing for the *State* to withdraw its offer if the court indicates

it intends to sentence the defendant to less time than recommended, and it is not for this court to judicially create such a right out of whole cloth.

The record reveals that Kelley was indicted along with three others and charged with felony murder and other crimes for his alleged participation in an armed robbery attempt that resulted in the death of a fifth participant. In an October 5, hearing, the State announced: "this is a plea regarding the defendant." After the trial court questioned Kelley regarding the voluntariness of his plea, the State informed the trial court that "as a condition of the plea . . . Kelley must testify truthfully in the trial of [his co-defendants]." Upon providing a proffer for the factual basis of the plea, the prosecutor stated, "Your honor, we ask that you accept this negotiated plea. I know that [Kelley] does not have any felony convictions and so I'm sure [defense counsel] will request first offender but the State would object to that but that's up to the court." The State also agreed to nol pros the remaining charges against Kelley and recommend to the court a 20-year sentence. And, after some discussion concerning the reduced charge the State offered to Kelley as part of the plea agreement, the parties agreed that Kelley was pleading guilty to a reduced charge of voluntary manslaughter.

Following the court's colloquy with Kelley regarding his plea, Kelley presented his father, his grandmother, and the Director of the Judicial Service House Arrest Services as character witnesses. The court then ruled:

> I'm going to accept this plea as being freely, voluntarily, and knowingly entered with a factual basis therefor[ ].
>
> I'm going to sentence Mr. Kelley . . . to the reduced charge to voluntary manslaughter and the factors that the court - - there's a substantial factual basis for mitigation in this particular case.
>
> First being that the defendant has admitted his involvement in this matter and has pled to it without reservation. He appears to be genuinely remorseful about his conduct . . .
>
> So the court will sentence Mr. Kelley as follows: Sentence him to ten years to serve five years, the balance probated and stay away from the victims and testify truthfully in any matter involving this case.

The State immediately requested permission to approach the bench, and, after an off-the-record conference between the court and both counsel, the following colloquy occurred:

> [The State]: Your Honor, I understand the court has now imposed a sentence less than what was agreed to on the negotiated plea that the State was asking for.

3

. . .

The Court: This is off the trial calendar. This is a non-negotiated plea regardless of what - - whether or not the defendant and the State negotiated something, this is - - the court has the last say regardless. So go ahead.

[The State]: Yes, Your Honor. And the State is requesting that this plea not be taken and be withdrawn and that the State proceed with trial with Mr. Kelley next week.

The Court: Okay. The court declines to do that. The sentence stands. And I'm making this pursuant to the provisions of the First Offender Act.

During a short break in the hearing, the State filed a "Motion to Set Aside an Illegal Judgment." The court nevertheless entered a judgment of conviction and sentenced Kelley to a ten-year term.

A little over a month later, on November 13, 2012, the trial court granted the State's motion, agreeing with the State that when it rejected the negotiated plea, it had no authority to sentence Kelley to a lesser offense not charged in the indictment, and therefore the judgment was illegal and must be set aside. See OCGA § 17-7-93 (a) (upon arraignment, the person accused of committing crime shall answer whether he

4

is guilty or not guilty of offense charged which answer or plea shall be made orally). Citing *Bostic v. State*, 184 Ga. App. 509 (361 SE2d 872) (1987), the court held that "[a]bsent a negotiated plea for a reduced charge not included in the indictment consented to by the State, a defendant can plea only to the charges as stated in the indictment." See id. at 511 (4) (no authority allowing for a non-negotiated plea to an offense other than that charged in indictment). On May 6, 2013, the trial court re-sentenced Kelley to 20 years as originally recommended by the State.

Kelley now appeals, asserting that the trial court erred in granting the State's motion to set aside the original judgment of conviction and sentence.[1] We agree.

Here, the trial court was under the impression that its rejection of the State's recommended sentence converted the negotiated plea into a non-negotiated plea. During the hearing on the plea, the trial court asserted that it was sentencing on a non-negotiated plea, but then denied the State's request to withdraw its offer. While the court's explanation was confusing, the record reflects that the court accepted most terms of the plea agreement. It required Kelley to testify against his co-defendants the following week, and nol prossed the remaining charges, as the State and Kelley agreed.

---

[1]Kelley does not seek to withdraw his guilty plea.

"A trial judge has wide discretion to accept or reject a negotiated plea." (Citation and punctuation omitted.) *Barber v. State*, 316 Ga. App. 701, 702 n.4 (730 SE2d 176) (2012). If the trial court chooses to reject a plea agreement,

> the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced.

Uniform Superior Court Rule 33.10. This rule has been interpreted to include situations in which the trial court expressed an intention to reject the sentence recommended by the State and impose a harsher sentence. See, e. g., *Mulkey v. State*, 265 Ga. App. 631, 631-632 (595 SE2d 330) (2004) (trial court imposed harsher sentence than that recommended by State); *Lawrence v. State*, 234 Ga. App. 603, 604-605 (1) (507 SE2d 490) (1998) (same). It appears here, as in *Mulkey*, supra, the trial court accepted the plea agreement in large part, rejecting only the sentence recommended by the State. Compare *Manley v. State*, 287 Ga. App. 358, 359 (1) (651 SE2d 453) (2007) (nothing in record showing a negotiated plea; record indicated only open-ended plea with a sentence recommendation from State). Indeed, the crime with

6

which to charge a defendant is within the exclusive purview of the State, while the sentence to be imposed with regard to a charge is within the exclusive province of the trial court unless that discretion has been removed by statute.[2]

Contrary to the State's arguments here, we have stated that the trial court's rejection of a recommended sentence pursuant to a negotiated plea agreement does not give the State the right of withdrawal from the plea agreement. *State v. Harper*, 279 Ga. App. 620, 620-621 (2) (631 SE2d 820) (2006), overruled in part on other grounds, *State v. King*, 325 Ga. App. 445 (750 SE2d 756) (2013); compare *Lewis v. State*, ___ Ga. App. ___ (1) (Case No. A14A1320; decided October 23, 2014) (court erred in imposing harsher sentence after accepting State's sentence recommendation and after defendant, in reliance upon court's acceptance, waived First Amendment rights and testified on behalf of State). As we noted in *Harper*,

> [t]he State argues that it should have the same right of withdrawal as the defendant, but concedes that Georgia law gives the [S]tate no such right. The [S]tate has offered no argument which persuades this Court that the trial court erred in not affording to the [S]tate the same right expressly afforded a defendant pursuant to *Germany* and its progeny.

---

[2]To usurp the authority of the trial court with regard to sentencing in this system of check and balances would obviate the need for the court to consider evidence and circumstances that would mitigate punishment.

7

Id. at 621 (2). Additionally, as in this case, Harper entered a guilty plea to a lesser offense not charged in the indictment. Id. at 620. Because the State was bound by the portion of the plea agreement accepted by the trial court with no right of withdrawal, we cannot conclude that the negotiated plea was converted into a non-negotiated plea, and the State has pointed to no authority requiring this Court to arrive at a different conclusion. The court's acceptance of the plea agreement in part and the judgment of conviction and sentence imposed thereon were therefore not illegal. See OCGA § 17-10-1 (a) (1) (upon a verdict or plea of guilty, judge fixing sentence shall prescribe a determinate sentence within the minimum and maximum sentences allowed by law). OCGA § 16-5-2 (b) (punishment for voluntary manslaughter not less than one nor more than 20 years). We are bound by our caselaw and constrained by the absence of statutory authority or Uniform Superior Court Rule giving the State a right to withdraw an offer in this or in any other circumstance. The remedy the State seeks must be addressed, if it is to be addressed at all, by the legislature and not the judiciary.

Because the trial court mistakenly believed that it imposed an illegal judgment, we reverse the trial court's grant of the State's motion to vacate and remand this case

with direction for the trial court to re-enter the original judgment of conviction and sentence.

*Judgment reversed. Barnes, P. J., and Branch, J., concur*.