In the Supreme Court of Georgia

Decided: February 22, 2016

S15G1197. THE STATE v. KELLEY.

HUNSTEIN, Justice.

We granted certiorari in this criminal case to address whether, absent the consent of the State, a trial court has the authority to enter judgment and impose sentence on a guilty plea to an uncharged, lesser included offense, see Bostic v. State, 184 Ga. App. 509 (361 SE2d 872) (1987), and what authority, if any, the State has to withdraw its consent to a negotiated plea upon learning of the trial court's intention to reject the State's recommended sentence and impose a lighter one. See State v. Harper, 279 Ga. App. 620 (2) (631 SE2d 820) (2006), overruled on other grounds by State v. King, 325 Ga. App. 445 (750 SE2d 756) (2013). We conclude that the trial court does not have the authority to accept a guilty plea to an uncharged, lesser included offense without the consent of the State, and that, where the State makes a timely and specific objection, it has the legal authority to withdraw its consent from a negotiated plea and demand a trial when it learns that the trial court does not intend to follow the sentencing

recommendation. We therefore reverse the judgment of the Court of Appeals.

The facts are not in dispute. Terry Kelley was indicted for felony murder and other crimes for his participation in an armed robbery attempt that resulted in the death of a participant in the crime. In October 2012, the parties reached the following plea agreement: Kelley would plead guilty to the reduced charge of voluntary manslaughter, he would testify truthfully against his co-defendants, and the State would nolle prosse the remaining charges and recommend a 20-year sentence. The trial court – after hearing a factual basis for the plea, engaging in a colloquy with Kelley, and hearing from various character witnesses – accepted Kelley's guilty plea to voluntary manslaughter but sentenced him to a term of only ten years, with five to be served in prison and the balance on probation; the trial court also ordered Kelley to testify truthfully against his co-defendants. Following a brief off-the-record bench conference, the following exchange took place:

> [The State]: Your honor, I understand the court has now imposed a sentence less than what was agreed to on the negotiated plea that the State was asking for.
>
> [Trial Court]: Well, let me say for the record ... this is off the trial calendar. This is a non-negotiated plea regardless of what – whether or not the defendant and the State negotiated something,

2

this is – the court has the last say regardless, so go ahead.

[The State]: Yes, your honor. And the State is requesting that this plea not be taken and be withdrawn and that the State proceed with trial with Mr. Kelley next week.

[Trial Court]: Okay. The court declines to do that. The sentence stands.

The State later filed a motion to set aside the judgment, and, after Kelley filed a written response, the trial court granted the motion. In its order, the trial court concluded that, because it had rejected the negotiated plea, it was without authority to accept any non-negotiated plea on the unindicted lesser-included offense. The trial court thereafter re-sentenced Kelley to a term of 20 years. Kelley appealed, arguing that the trial court had erred in granting the State's motion to set aside the original judgment of conviction and sentence, and the Court of Appeals agreed. Kelley v. State, 331 Ga. App. 758 (771 SE2d 441) (2015).

The Court of Appeals noted that a trial court has wide discretion with respect to accepting or rejecting a plea agreement, see Barber v. State, 316 Ga. App. 701, 702, n.4 (730 SE2d 176) (2012), and that a defendant has the right to withdraw a negotiated plea if the trial court decides to impose a longer sentence

than that recommended by the State, see Uniform Superior Court Rule 33.10. Kelley, 331 Ga. App. at 760-761. However, with respect to the right of the State to withdraw from a plea agreement under similar circumstances, the Court of Appeals, relying on State v. Harper, supra, concluded that "there is no comparable authority allowing for the *State* to withdraw its offer if the court indicates it intends to sentence the defendant to less time than recommended." 331 Ga. App. at 758. Consequently, the Court of Appeals concluded that the State was bound by the portion of the negotiated plea accepted by the trial court and that the original ten-year sentence – which was within the sentencing range for voluntary manslaughter, see OCGA § 16-5-2 (b) – did not constitute an illegal sentence. Kelley, 331 Ga. App. at 762. Accordingly, the Court of Appeals reversed the trial court's grant of the State's motion to vacate and ordered the trial court to re-enter the original judgment of conviction and sentence. Id. We granted certiorari to address what authority the State has when a trial court rejects a material term of a negotiated plea in favor of a defendant. Our review of this legal issue is de novo. See Luangkhot v. State, 292 Ga. 423 (736 SE2d 397) (2013).

In Harper, the defendant agreed to plead guilty to the reduced charge of

robbery in exchange for a sentence recommendation of five years' confinement. 279 Ga. App. at 620. The trial court accepted the defendant's plea but announced that it would not follow the State's sentencing recommendation, and Harper was sentenced to a term of five years, with one to be served in confinement; the State, however, "made no comment regarding the court's stated intention to reject the recommendation nor voiced any objection to the sentence once it was pronounced." Id. at 621. The State subsequently appealed, arguing that the plea and sentence were due to be set aside. Id. at 620. The Court of Appeals, after recognizing that the issue was being raised for the first time on appeal, concluded that there is no legal authority that grants the State a right of withdrawal similar to that which is expressly afforded to defendants. Id. To the extent that Harper stands for the proposition that the State lacks the authority to withdraw its consent when the trial court intends to deviate from the terms of a negotiated plea, we hereby disapprove it as failing to give effect to the broad discretion granted to the State to negotiate plea agreements.

The State is afforded "broad discretion in making decisions . . . about who[m] to prosecute, what charges to bring, and which sentences to seek." (Footnotes omitted.) State v. Wooten, 273 Ga. 529, 531 (2) (543 SE2d 721)

5

(2001). The authority and discretion to plea bargain rest with the State, see State v. Dawson, 203 Ga. App. 854, 854 (1) (419 SE2d 30) (1992), and, it is within the State's purview to place conditions on any such plea. See Mergel v. State, 198 Ga. App. 759, 760 (402 SE2d 800) (1991); see also Sanders v. State, 280 Ga. 780, 782 (2) (631 SE2d 344) (2006) ("a defendant has no constitutional right to enter a guilty plea"); Harris v. State, 167 Ga. App. 153, 154 (6) (306 SE2d 79) (1983) ("[t]here is no constitutional right to plea bargain"). "The authority of the prosecutor to bargain is inherent in his office and is of utmost importance in the orderly administration of criminal justice." State v. Hanson, 249 Ga. 739, 743 (1) (295 SE2d 297) (1982).

In contrast, the trial court is prohibited from participating in plea negotiations, McDaniel v. State, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999), and the trial court may not oblige the State to have its case adjudicated by way of a bench trial. See Zigan v. State, 281 Ga. 415 (638 SE2d 322) (2006). The trial court also lacks the authority to dismiss a criminal charge over the State's objection where there is no legal basis for that dismissal; any such decision impermissibly interferes with the State's right to prosecute. See State v. Santiago, 333 Ga. App. 742, 743-744 (776 SE2d 824) (2015); State v. Bachan,

321 Ga. App. 712, 714 (742 SE2d 526) (2013). Though we have never expressly held as much, we believe it follows from these principles that a trial court may not compel the State to accept a plea to an offense other than that which is charged in the charging instrument. See Bostic v. State, 184 Ga. App. 509, 511 (4) (361 SE2d 872) (1987) (court cannot accept a non-negotiated plea of guilty to an offense other than the offense charged); see also OCGA § 17-7-93 (a) ("Upon the arraignment of a person accused of committing a crime, the indictment or accusation shall be read to him and he shall be required to answer whether he is guilty or not guilty *of the offense charged*.").

Along these lines, we have held that the trial court lacks the authority to accept a plea of guilty but mentally retarded, rather than a plea of guilty, without the State's consent. Stripling v. State, 289 Ga. 370 (3) (711 SE2d 665) (2011). In Stripling, the defendant, who had been convicted of murder and sentenced to death, was granted a new trial to address the question of his possible mental retardation. 289 Ga. at 370. Prior to his retrial, this Court granted an application for interim review to address, inter alia, whether the trial court had correctly concluded that it lacked the authority to accept the defendant's plea of guilty but mentally retarded absent the consent of the State. Id. at 371. After

7

noting that a final conviction of guilty but mentally retarded would result in an automatic life sentence – as opposed to the previously imposed death sentence – this Court concluded that a trial court lacked authority to accept such a plea absent the consent of the State and that, when the State objects to such a plea, the State is entitled "to have the opportunity to have its full case adjudicated, just as where a defendant enters a plea of not guilty." Id. at 376. In so holding, we noted that the "duty of a trial court is to administer the appropriate process by which a dispute between given parties is decided, absent some legal basis for the trial court to summarily resolve or dismiss an active dispute and absent a basis to approve any settlement agreed to by the parties." Id. at 376.

In sum, given that the State has the authority and discretion to decide how to charge a defendant and whether to plea bargain with him and, further, that the trial court lacks the authority to accept a guilty plea to a reduced or mitigated charge without the State's consent, it follows that, where the State has agreed to a reduced charge in exchange for a specific sentence, the State has the authority to withdraw from that negotiated plea and demand a trial if the trial court rejects that sentence in favor of one to which the State does not consent. Put another way, the trial court's authority to accept a plea agreement to a lesser

charge flows from the State's consent to that agreement; as such, the State has the authority to withdraw that consent and demand a trial when the trial court announces its intention to reject the negotiated sentence on which the State's consent is premised.

Kelley, while recognizing that the trial court lacks the authority to accept a guilty plea to a lesser-included offense absent the consent of the State, argues that any sentence associated with a plea agreement is nothing more than a recommendation and that the trial court has the absolute authority to impose any legal sentence upon the accused once the plea is accepted. See OCGA § 17-10-1 (a). See also Holbrook v. State, 161 Ga. App. 7 (289 SE2d 279) (1982). Kelley's position, however, is untenable; it would permit a defendant to rely on the State's consent to receive the benefit of a reduced charge yet render the State powerless to enforce its bargain. Taken to its logical conclusion, Kelley's position would not only weaken the inherent authority of the executive branch to control how individuals should be charged, but it would also chill the State's willingness to enter into such pleas, much to the detriment of criminal defendants and "the orderly administration of criminal justice." Hanson, 249 Ga. at 743.

We also hold that, where a trial court intends to reject a sentence recommended as part of a plea agreement to a lesser charge, the trial court must, on the record and before sentencing, inform the State of its intention and allow the State to exercise its authority to withdraw its consent to the plea and demand a trial. Cf. State v. Germany, 246 Ga. 455 (271 SE2d 851) (1980). If the State does not object, it will be presumed to have consented to both the defendant's plea to the lesser charge and the imposition of the lighter sentence. The record here, however, establishes that the first time the State learned that the trial court was going to impose a lighter-than-recommended sentence was at the moment the trial court pronounced Kelley's sentence from the bench; in such cases the State must promptly object, as it did in this case, to preserve its authority to withdraw its consent from the negotiated plea and demand a trial. The trial court here should have heeded the State's initial objection and granted the State's request to withdraw the plea agreement; accordingly, the trial court correctly set aside the original judgment of conviction and sentence, and the Court of Appeals erred by reinstating it.

Reversed. All the Justices concur, except Benham, J., who dissents.

10

S15G1197.  THE STATE v. KELLEY.

BENHAM, Justice, dissenting.

I agree with the Court of Appeals that

> while a *defendant* can withdraw a negotiated plea if the trial court decides to impose a longer sentence than that recommended by the State, see Uniform Superior Court Rule 33.10, there is no comparable authority allowing the *State* to withdraw its offer if the court indicates it intends to sentence the defendant to less time than recommended, and it is not for [the appellate courts] to judicially create such a right out of whole cloth.

*Kelley v. State* 321 Ga. App. 758, 758 (771 SE2d 441) (2015).  For that reason, I respectfully dissent.

As the majority opinion recognizes, the legislature has provided by statute that a trial court judge in a criminal case has the authority to fix a sentence, within the parameters prescribed by law, not only where a guilty verdict has been returned but also where the defendant has entered a guilty plea.

OCGA § 17-10-1 (a) (1).[1]  The Uniform Superior Court Rules recognize that this authority requires the trial court judge to exercise independent judgment to fix the sentence for a negotiated plea regardless of the agreement reached between the defendant and the prosecutor.[2]  Here, the trial court did just that–it made a finding of "substantial mitigation" and imposed a sentence of ten years with five years to serve, assuming certain conditions were met such as the requirement that the defendant provide truthful testimony at the trial of his co-

---

[1]  An exception to this rule exists for cases in which life imprisonment or the death penalty is mandated, which exception is not applicable to this case.

> Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law.

OCGA § 17-10-1 (a) (1).

[2]  Uniform Superior Court Rule 33.5 (C) provides:

> When a plea of guilty or nolo contendere is tendered or received as a result of a plea agreement, the trial judge should give the agreement due consideration, but notwithstanding its existence, must reach an independent decision on whether to grant charge or sentence leniency under the principles set forth in section 33.6 of these rules.

2

defendants. Clearly, the trial court is not a party to any contract or agreement between the defendant and the prosecutor regarding a negotiated plea agreement, which may be accepted, rejected, or amended. Rule 33.10 requires the trial court to give notice to the defendant and an opportunity to withdraw his or her guilty plea if the court intends to reject the plea agreement and impose a judgment less favorable to the defendant than the one contemplated by the agreement.[3] This is consistent with the requirement that a defendant must enter into a plea agreement intelligently and voluntarily. No statute or rule, however, grants the prosecutor the right to notice and an opportunity to withdraw its agreement if, after consideration of mitigating factors, the trial judge imposes a sentence on the lesser negotiated offense that is more favorable to the defendant than the one agreed upon by the State. See *State v. Harper*, 279 Ga. App. 620 (631 SE2d 820) (2006), overruled in part on other grounds, *State v. King*, 325 Ga. App. 445 (750 SE2d 756) (2014) (concluding that, even though

---

[3] Uniform Superior Court Rule 33.10 provides:

If the trial court intends to reject the plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced.

3

the State failed to preserve its argument for appeal, the argument that the State should have the opportunity to withdraw from a plea agreement when the trial court decides to reject the State's recommended sentence lacks merit).

It is without dispute that the State has authority to decide what charges to bring "and which sentences to seek." *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001). This does not mean, however, that the State has authority to decide which sentence to *impose* upon a guilty verdict or even a guilty plea. The trial judge is the party who fixes the sentence. I agree with the majority opinion that a trial court may not compel the State to accept a plea to an offense other than the one charged.[4] But once the State and the defendant agree upon a negotiated plea to a lesser offense than the one charged, it is the trial judge who must decide the appropriate punishment for that offense, after considering the circumstances of the case. I do not agree that the State has legal

---

[4] In support of this proposition, the majority cites to *Bostic v. State*, 184 Ga. App. 509, 511 (4) (361 SE2d 872) (1987). But that case involved a condition the State placed upon its agreement to accept a plea which was not met, namely, that the defendant's co-defendant must enter a plea to a felony, an offer that the co-defendant declined. Accordingly, no agreement was reached. The *Bostic* case does not support the proposition that the State must be permitted to withdraw its agreement to a plea if the trial court elects to impose a sentence not agreed upon by the State.

authority to withdraw its consent to a negotiated plea to a lesser offense so long as the trial court judge imposes a legally authorized sentence for that offense.

As I see it, this does not render the State powerless to enforce its bargain since the only thing it can actually bargain for is the agreement to reduce the charge by permitting the defendant to enter a plea to a lesser offense. It will always be the trial court that decides the appropriate punishment to impose, and it cannot be said that this impermissibly interferes with the State's right to prosecute. Nor does it compel the State to accept a plea to an offense other than the offense charged, since in the case of a negotiated plea, the State has already agreed to the defendant's plea of guilt to an offense other than that which was charged.

In fact, I believe today's ruling will promote gamesmanship by prosecutors who will now be empowered to demand lengthier sentences for negotiated pleas on lesser offenses, with the assurance that even if the judge finds the circumstances, in fairness, call for a more lenient sentence than the one to which the parties agreed, the judge is required either to accept the sentence or reject the negotiated plea altogether. Criminal defendants will be prejudiced by this usurpation of the trial judge's sole authority to determine sentencing for

a conviction upon a guilty plea. Until today, a defendant in Georgia has entered into plea negotiations with the understanding that the judge has the final say as to sentencing. If the purpose of the majority's ruling is to "even the playing field" for the prosecutor in plea negotiations, this purpose is incongruous with our system of criminal law. The law has never recognized a level playing field between the accused and the State; the accused is innocent until proven guilty and the State bears the burden of proving guilt. When a conviction on a guilty plea is challenged, the State also bears the burden of showing the plea was intelligently and voluntarily entered. See *Bazemore v. State*, 273 Ga. 160 (1) (535 SE2d 760) (2000). Until today, the law in Georgia has been that a defendant, but not the prosecutor, may withdraw a guilty plea upon learning the trial judge has determined that the sentence should be something other than that which was agreed upon. Such a rule is consistent with the State's burden of proof.

The majority is concerned with weakening the authority of the executive branch to control how individuals are charged with crimes. I, on the other hand, am concerned with the weakening of the judicial authority to control sentencing. I am persuaded that the majority opinion, by creating new law, violates the

6

separation of powers between the executive and judicial branches of government by stripping the judicial branch of the statutorily conferred authority to exercise sentencing discretion with respect to sentencing a defendant for an offense to which the State has agreed to accept a plea instead of the offense charged.

The defendant's right to withdraw the negotiated plea is explicit as a matter of law, and yet the State has not been provided that right. This is not the proper forum for creating such a right. The rule in *State v. Harper* has been in effect for almost ten years, and yet the Council of Superior Court Judges has not seen fit to amend the Rules to grant prosecutors the same rights as defendants with respect to withdrawing consent to a negotiated plea in the event the trial judge gives notice of his or her intent to impose a sentence other than the one agreed upon by the parties. I am unpersuaded by the reasoning of the majority opinion that the State has the authority to withdraw its consent to a negotiated plea agreement simply because the trial court announces its intention to impose a lawful sentence for the lesser charge that differs from the sentence referenced in the plea agreement.

Additionally, I note that even if the majority's opinion is correct, it should not be applied in this case but applied only prospectively. In *State v. Germany*,

246 Ga. 455 (271 SE2d 851) (1980), in which this Court announced a new procedure requiring the trial court to inform the defendant of his rights with respect to a plea agreement, which was later adopted as Uniform Superior Court Rule 33.10, we recognized that the newly pronounced rule was prospective only. Likewise, as the majority opinion in this case extends that rule to benefit the State, and this new rule is based upon a new holding that the State is entitled to withdraw its consent to a negotiated plea where the trial court informs the State of its intent to reject the agreed-upon sentence, then the rule should be prospective only. Even though the State in this case raised an objection to the trial court's judgment on the plea, at the time this plea was granted it had no right to object.