**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 28, 2016**

# In the Court of Appeals of Georgia

A16A0003. THE STATE v. BANKSTON.

BARNES, Presiding Judge.

The State appeals after the trial court accepted a plea of guilty by the defendant, Sharke Bankston, to two counts of robbery by intimidation. The State contends that the trial court exceeded its jurisdiction by rejecting a negotiated plea to the indicted crimes of armed robbery and entering judgment on uncharged lesser offenses over the objection of the State. Based on the recent Supreme Court decision in *State v. Kelley*, ___ Ga. ___, (Case Number S15G1197, decided Feb. 22, 2016), we reverse the trial court's judgment.

The facts are not in dispute and "where the evidence is uncontroverted and no question regarding credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

According to police reports, on November 22, 2013, Bankston entered a SunTrust bank location and approached a teller, "stuck his hand in his pants and claimed to have a gun." After demanding that the teller hand over money, Bankston told her "I will shoot all of you," and then left with $600. On November 29, 2013, Bankston entered a Midtown Bank location, and repeated the above procedure, leaving with $1,221.99.

On December 13, 2013, police arrested Bankston at his residence. Bankston gave statements, signed an admission of guilt, and consented to a search of his room, where the police found items that the perpetrator was seen wearing during the robberies. A grand jury indicted Bankston on two counts of armed robbery. The trial court held a plea hearing on June 18, 2015, and over the State's objection, allowed Bankston to plead guilty to two counts of robbery by intimidation, sentencing him to twenty years, to serve seven. The State filed a motion for reconsideration, and now timely appeals.

The State contends that the trial court erred by entering judgment on an unindicted lesser included offense over the State's objection, impermissibly engaging in plea negotiations. In *Kelley*, the Supreme Court concluded,

2

that the trial court does not have the authority to accept a guilty plea to an uncharged, lesser included offense without the consent of the State, and that, where the State makes a timely and specific objection, it has the legal authority to withdraw its consent from the negotiated plea and demand a trial when it learns that the trial court does not intend to follow the sentencing recommendation.

*Kelley*, ___ Ga. at __.

 At the plea hearing, Bankston freely and voluntarily admitted his guilt to the robbery charges, but denied he was ever in a possession of a firearm. The State responded that, had the case proceeded to trial, it would offer evidence to prove that both bank tellers handed over money because they believed Bankston was armed, which was all it needed to prove. The State then asked for the negotiated recommendation of punishment to be twenty years, to serve ten, on each count of armed robbery, which is the mandatory minimum sentence for that offense. After discussing Bankston's mental health issues, his older age at 61, and the recidivist punishment the State sought, the trial court reduced the conviction to two counts of robbery by intimidation and sentenced Bankston to twenty years, to serve seven.

On appeal, the State contends that the trial court exceeded its jurisdiction by entering judgment on an unindicted lesser-included offense. First, this issue is

3

preserved for appellate review because the State objected to the lesser charge when it argued to the trial court that it intended to prove the charges of armed robbery against Bankston if the case proceeded to trial. See *Kelley*, __ Ga. at __ . (State must object to the trial court's rejection of the negotiated plea in favor of a lesser charge to preserve for appellate review).

Second, although the trial court has wide discretion in rejecting a plea agreement, "a trial court may not compel the State to accept a plea to an offense other than that which is charged in the charging instrument." *Kelley*, ___ Ga. at ___. See *Bostic v. State*, 184 Ga. App. 509, 511 (4) (361 SE2d 872) (1987) (court cannot accept a non-negotiated plea of guilty to an offense other than the offense charged).

"[W]here the State has agreed to a reduced charge in exchange for a specific sentence, the State has the authority to withdraw from the negotiated plea and demand a trial if the trial court rejects the sentence in favor of one which the State does not consent." *Kelley*, __ Ga. at ___. See *Stripling v. State*, 289 Ga. 370, 376 (3) (711 SE2d 665) (2011) ("If judgment on such a plea is rejected to by the State, the State cannot be deprived of the opportunity to have its full case adjudicated, just as where a defendant enters a plea of not guilty").

Lastly,

4

where a trial court intends to reject a sentence recommended as part of a plea agreement to a lesser charge, the trial court must, on the record and before sentencing, inform the State of its intention and allow the State to exercise its authority to withdraw its consent to the plea.

*Kelley*, ___ Ga. at __. Because the trial court rejected the State's plea negotiation and reduced the conviction to a lesser charge without giving the State the opportunity to withdraw its consent, we reverse the trial court's judgment.

*Judgment reversed. Boggs and Rickman, JJ., concur*.