**FOURTH DIVISION**
**DOYLE, P. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 30, 2023**

# In the Court of Appeals of Georgia

A23A0844. STATE v. SCOTT.

DOYLE, Presiding Judge.

Robert Scott was charged with murder and various other offenses. The State and Scott negotiated a sentence, and he entered a first-offender guilty plea to voluntary manslaughter and two other charges. The trial court then imposed a sentence shorter than that agreed to by the parties. The State directly appeals, arguing that the trial court exceeded its jurisdiction by accepting a plea to an unindicted lesser-included offense while rejecting the negotiated plea and by failing to give the State the opportunity to withdraw its consent to the plea and demand a trial. Because the State does not have a right to a direct appeal in this case, this Court lacks jurisdiction, and the appeal is dismissed.

Scott was indicted for murder, six counts of felony murder, criminal attempt to purchase oxycodone, criminal attempt to commit kidnapping, aggravated assault with a deadly weapon, conspiracy to sell cocaine, possession of cocaine with intent to distribute, possession of a noncontrolled substance with intent to distribute, false statements, battery, and possession of a firearm during the commission of a felony. The parties negotiated an agreement whereby Scott would plead guilty to the reduced charge of involuntary manslaughter, criminal attempt to purchase oxycodone, and possession of a firearm during the commission of a felony, and the State would recommend a sentence of 40 years to serve 25.

At the plea hearing, the State questioned Scott about his plea, explained the details of the negotiated plea to the trial court, and advised Scott of the consequences of and the rights he was waiving by entering a guilty plea, and Scott pleaded guilty. After hearing the State's factual basis for the plea and statements from the victim's and Scott's families, the trial court advised that it was going to deviate from the parties' negotiated plea and sentence him to 20 years with 15 to serve. The court asked whether Scott still wished to plead guilty, and his attorney responded in the affirmative. The court then asked, "Anything else from either party?" Instead of specifically objecting or withdrawing its consent to the plea, the State responded:

2

"Your Honor, it would be the State's recommendation to honor the negotiation regarding negotiations [sic] that [the defense attorney] and the State came to, but I do understand your Honor's sentence. I just want to put that on the record." The court responded, "All right. Thank you." After confirming that Scott could report to the jail on January 2, 2023, the trial court stated, "If there is nothing further, all parties are excused," and the proceedings ended.

At the request of the State, the parties returned to the courtroom later that afternoon. Referring to *State v. Kelley*,[1] the State asserted that once the court intended not to honor the negotiated plea agreement, it was required to state on the record that it would impose a sentence lower than the agreement, and "at that point, the State would have the right, and we would [sic] have withdrawn from the negotiation and requested a trial. . . ." The State characterized its response to the trial court's proposed sentence as a "request[] . . . to honor the actual agreement," and explained that after the court recessed, the State "immediately came back to court."[2] The trial court agreed that the State returned promptly but after discussing whether or not the State had

---

[1] 298 Ga. 527 (783 SE2d 124) (2016).

[2] The transcript indicates that the trial court had other matters to attend to and advised the parties to return that afternoon.

objected to the reduced sentence[3] and having the court reporter read back that portion of the transcript of the earlier hearing, the trial court denied the request and ruled that "the sentence stands."[4] The final disposition was filed on December 5, 2022.[5] This direct appeal by the State followed.

In Georgia, the State has "only a limited right of appeal . . . in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it."[6] Here, the State appeals pursuant to OCGA § 5-7-1 (a) (6), which provides that the State may appeal "[f]rom an order,

---

[3] At one point the trial court characterized the State's response as an objection, and the State accurately corrected the court, stating "I asked your Honor to just honor the recommendation that we decided."

[4] The court explained at the hearing that "I'm not suggesting that you were not prompt. . . . That's why I have the case before me. Because you did immediately – well, I won't say immediately, but you did come back."

[5] The final disposition and plea of guilty were signed by the trial court and Scott on December 2, 2022.

[6] (Punctuation omitted.) *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007), quoting *Howard v. Lane*, 276 Ga. 688 (581 SE2d 1) (2003).

4

decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state." This statutory language has been interpreted as "authorizing the State 'to appeal a void sentence,'"[7] and in its jurisdictional statement, the State characterizes Scott's judgment and sentence as void.

"As an initial matter, a judgment is not void so long as it is entered by a court of competent jurisdiction. The superior court, of course, had jurisdiction over this felony case. Therefore, even assuming the trial court erred, the judgment of conviction is not void as it was entered by a court of competent jurisdiction."[8]

Further, the judgment is also not "otherwise void under the Constitution or laws of this State." And while we acknowledge that the Supreme Court of Georgia has recently pointed out the lack of clarity on the issue of what constitutes an

---

[7] See *State v. King*, 325 Ga. App. 445, 445-446 (750 SE2d 756) (2013) (whole court).

[8] (Citations and punctuation omitted.) Id., quoting *State v. Glover*, 281 Ga. 633 (641 SE2d 543) (2007) and citing Ga. Const. of 1983, Art. VI, Sec. IV, Par. I; OCGA § 15-6-8 (1). Arguing that this approach to the jurisdictional analysis is incorrect, the dissent focuses on the substance of the proceedings and concludes that the Superior Court lost jurisdiction when it failed to allow the State to object. But as set forth above, the State was given the opportunity to do so, but in lieu of objecting or withdrawing its consent to the plea, the State acknowledged that it understood the sentence and merely asked the court to follow the original plea deal.

erroneous void order for purposes of OCGA § 5-7-1 (a) (6),[9] we follow the whole-court holding in *State v. King*[10]:

> claims of error which can be waived necessarily do not amount to claims that the sentence imposed was void, inasmuch as a sentence which is not allowed by law is void, and its illegality may not be waived. Here, the [S]tate could have waived its claim that the trial court erred by imposing sentences different from the negotiated plea recommendations, and therefore any such claim necessarily does not allege a ground upon which the sentences could be declared void. Such a claim amounts to an allegation that the sentence is voidable, not an allegation that it is void.
>
> . . . [Scott's] . . . sentences are not void because they were imposed when the trial court was without jurisdiction to impose the sentences or because the sentences were contrary to that required by law. Rather, the

---

[9] See *In the Interest of A. H.*, ___ Ga. ___, ___ (2) (891 SE2d 785 (2023) (vacating writ of certiorari because the issue was not fully addressed by the trial court or briefed on appeal, but noting that the "Court has not fully explained the contours of what makes an erroneous order issued by a court of competent jurisdiction 'void' under state law for purposes of OCGA § 5-7-1 (a) (6)," nor "explicitly identified what principle or principles of law distinguish erroneous-but-valid orders from erroneous orders that are 'void and of no legal effect'").

[10] In *King*, the trial court sentenced the defendant to fifteen years to serve five instead of the negotiated sentence of twenty years to serve five, and the State appealed, alleging that the sentences were void. See *King*, 325 Ga. App. at 445. This Court dismissed the appeal, holding that the sentences, though contrary to the parties' plea agreement, were well within the statutory range of punishment and entered by a court of competent jurisdiction and therefore not void. See id. at 446-447.

6

[S]tate merely contends that the trial court erred [by] disregarding its recommendation for sentencing. Under the circumstances, we find that the sentences are not alleged to be void.[11]

Accordingly, because the State is not appealing from a void order and the trial court had jurisdiction to impose the sentence, this appeal does not invoke our jurisdiction under OCGA § 5-7-1 (a) (6) and is therefore dismissed.

*Appeal dismissed.* Dillard, P. J., concurs. Pipkin, J., dissents.

---

[11] (Citations and punctuation omitted.) *King*, 325 Ga. App. at 446-447 (overruling *State v. Harper*, 279 Ga. App. 620 (631 SE2d 820) (2006), to the extent that it "holds that the [S]tate may directly appeal from a sentence on the ground that the trial court allegedly erred in disregarding a recommended sentence pursuant to a plea agreement, without first notifying the [S]tate and giving it the opportunity to withdraw"), quoting *von Thomas v. State*, 293 Ga. 569, 573 (2) (748 SE2d 446) (2013) and *Collins v. State*, 277 Ga. 586, 587 (591 SE2d 820) (2004).

A23A0844. STATE v. SCOTT

PIPKIN, Judge, dissenting.

Because I believe that we have jurisdiction to hear this appeal, I respectfully dissent.

The majority opinion concludes that we do not have jurisdiction over this case because the State is appealing a voidable rather than a void sentence. However, this jurisdictional analysis misses the mark. The issue in this case does not concern whether the trial court entered an illegal or void *sentence*. See *State v. King*, 325 Ga. App. 445 (750 SE2d 756) (2013). Rather, the question is whether the trial court had

the unilateral authority to enter a sentencing order in this case after it rejected a sentence recommended as part of a plea agreement to an unindicted lesser charge. Pursuant to the Supreme Court of Georgia's decision in *State v. Kelley*, 298 Ga. 527 (783 SE2d 124) (2016), the answer is no.[1] Therefore, the State can directly appeal such an order pursuant to OCGA § 5-7-1 (a) (6) because it is "otherwise void under the Constitution or laws of this state."

Georgia case law has continually emphasized the role that the separation of powers plays between the judicial and executive branches when it comes to plea negotiations and sentencing in criminal cases. As explained by the Supreme Court of Georgia,

> The State is afforded broad discretion in making decisions about whom to prosecute, what charges to bring, and which sentences to seek. The authority and discretion to plea bargain rest with the State, and it is within the State's purview to place conditions on any such plea. The authority of the prosecutor to bargain is inherent in his office and is of utmost importance in the orderly administration of criminal justice.

---

[1] Certainly *King* cannot control our jurisdictional analysis here. Setting aside the issue of whether *King* remains good law in light of *Kelley*, *King* does not address whether the plea at issue was to an unindicted lesser-included offense or to the original indicted charges. And, even assuming that *King* is apposite in this regard, our Supreme Court's clear holding in *Kelley*, which is indistinguishable from the facts of this case, must control. See *Stone v. Stone*, 358 Ga. App. 231, 234 (854 SE2d 570) (2021) ("As an intermediate appellate court, we are bound to follow the latest pronouncement of the Supreme Court.").

2

In contrast, the trial court is prohibited from participating in plea negotiations, and the trial court may not oblige the State to have its case adjudicated by way of a bench trial. The trial court also lacks the authority to dismiss a criminal charge over the State's objection where there is no legal basis for that dismissal; any such decision impermissibly interferes with the State's right to prosecute. Though we have never expressly held as much, we believe it follows from these principles that a trial court may not compel the State to accept a plea to an offense other than that which is charged in the charging instrument.

(Citations and punctuation omitted.) *Kelley*, 298 Ga. at 529-530. Likewise, this Court has found "no authority which would permit [a trial] court to accept a non-negotiated plea of guilty to an offense other than the offense charged." *Bostic v. State*, 184 Ga.App. 509, 511 (361 SE2d 872) (1987). See also OCGA § 17-7-93 (a) ("Upon the arraignment of a person accused of committing a crime, the indictment . . . shall be read to him and he shall be required to answer whether he is guilty or not guilty of the offense charged . . .").

In conformance with these constitutional and statutory principles, both this Court and the Supreme Court of Georgia have held that a trial court does not have the authority, without the State's consent, to enter an order on an unindicted criminal charge where the trial court rejects the sentence recommended as part of a negotiated plea. In *Kelley*, our Supreme Court emphasized that "the trial court's authority to accept a plea agreement to a lesser charge flows from the State's consent to that

3

agreement." 298 Ga. at 527. And because of this, our Supreme Court concluded that "the State has the authority to withdraw that consent and demand a trial when the trial court announces its intention to reject the negotiated sentence on which the State's consent is premised." Id. See also See *State v. Bankston*, 337 Ga. App. 601, 601 (788 SE2d 506) (2016) (agreeing "that the trial court exceeded its jurisdiction by rejecting a negotiated plea . . . and entering judgment on uncharged lesser offenses over the objection of the State," and reversing the judgment of the trial court based upon *Kelley*). Based on the foregoing, it follows that, where a trial court rejects a sentence recommended as part of a negotiated plea to an unindicted lesser offense, but still enters a sentencing order on that unindicted charge without the State's consent, the entry of that sentencing order is done without authority and is, therefore, void. Accordingly, under OCGA § 5-7-1 (a) (6), the State may directly appeal such an order.

Concerning this case, the majority opinion implies that the State consented to the trial court's deviated sentence because it did not timely object. I disagree. As noted by the majority opinion, the trial court gave *the defendant*, not the State, the opportunity to withdraw consent to the plea, in contravention to *Kelley*'s clear directive that, in such circumstances, the trial court must give the State the

4

opportunity to withdraw its consent.[2] And while at first glance the State's initial response to the trial court's sentencing deviation appears equivocal, the record shows that the trial court itself noted that the State had objected to the imposition of the deviated sentence. See *Sanders v. State*, 358 Ga. App. 241, 245 (1) (855 SE2d 19) (2021) ("There is no bright-line rule establishing that the absence of an objection, standing alone, automatically equates to consent in all cases.") (citation and punctuation omitted). Finally, though the majority opinion notes that the trial court signed the written sentencing order on the same day that Scott's sentence was verbally pronounced, this is of no matter because "[e]ven though an order may be signed, it is not considered to have been entered and, thus, does not become effective until it is filed with the clerk." (Citation omitted.) See *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008). Here, the State lodged its objection to the trial court's deviated sentence *three days* prior to the filing of Scott's sentencing order with the clerk. Therefore, I cannot agree that the State consented to the trial court's deviated sentence in this case. Cf. *State v. Hillsman*, 368 Ga. App. 873, 877 (891 SE2d 440)

---

[2] "We also hold that, where a trial court intends to reject a sentence recommended as part of a plea agreement to a lesser charge, the trial court must, on the record and before sentencing, inform the State of its intention and allow the State to exercise its authority to withdraw its consent to the plea and demand a trial." *Kelley*, 298 Ga. at 531.

5

(2023) (explaining that, although the State remained silent during the sentencing hearing in an armed robbery case, the State did not consent to the trial court's sentence that deviated from the mandatory minimum where the State filed a motion to vacate before the entry of the written sentencing order).

Because the State objected to the trial court's deviated sentence on the unindicted lesser charge in this case, and because the trial court did not give the State the opportunity to withdraw its consent to the plea, the trial court was without authority to enter the subsequent sentencing order. Based upon the clear principles laid out in *Kelley* and followed by this Court in *Bankston*, I must conclude that the State may directly appeal the trial court's void order under OCGA § 5-7-1 (a) (6), and that we have jurisdiction to hear this appeal. Consequently, I dissent.